Curtis Lee **HENDERSON, Sr.,**
Plaintiff–Appellant,

v.

D. **HAMREN; et al.,** Defendants–
Appellees.

No. 01–15094.
D.C. No. CV–99–05957–AWI (DLB).

United States Court of Appeals,
Ninth Circuit.

---

**494**

Submitted April 8, 2002 *.

Decided April 15, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

## MEMORANDUM **

Curtis Lee Henderson, Sr., a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging prison officials violated his constitutional rights when Henderson was disciplined for fighting with another inmate. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). We review for an abuse of discretion denial of leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (en banc). We affirm.

The district court properly dismissed defendants Carey, Vaughn and Sullivan because Henderson failed to allege that these supervisory defendants personally participated in the alleged constitutional violations or had knowledge of the violations and failed to prevent them. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989) (liability under section 1983 only arises upon a showing of personal participation by the defendant).

The district court properly dismissed Henderson's claim that he was denied due process when defendants took his personal property because a negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994) (per curiam) (holding that California law provides an adequate post-deprivation remedy).

The district court properly dismissed Henderson's claim that he was denied due process when he lost his prison job because an inmate has no liberty interest in participating in work programs. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1094–95 (9th Cir.1986).

The district court properly dismissed Henderson's claim that he was denied due process by being placed in administrative segregation because freedom from administrative segregation does not give rise to a protected liberty interest. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir.1997).

Henderson's request for judicial notice is denied.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.